```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
                            SOUTHERN DIVISION
```

DENNIS GOVER,

        Plaintiff,

Case No. 2:06-cv-15184

HONORABLE STEPHEN J. MURPHY, III

v.

DOUGLAS VASBINDER,

        Defendant.

        _____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION
(dkt. 15) AND GRANTING CONDITIONAL WRIT OF HABEAS CORPUS**

    This matter comes before the Court on the petition for a Writ of Habeas Corpus of Dennis Gover, the Report and Recommendation of Magistrate Judge Paul J. Komives, and the objections thereto filed by the petitioner and the respondent. Petitioner Dennis Gover was convicted of second-degree murder following a jury trial. He was sentenced on January 31, 1997 to a term of 60-100 years' imprisonment on the murder conviction. The Michigan Court of Appeals denied his appeal, finding his claims lacked merit. The Michigan Supreme Court declined to his application for leave to appeal in 2000. On July 31, 2001 petitioner filed a motion for relief from judgment in the trial court, which was denied in 2004, leave to appeal was also denied. Petitioner, through counsel, filed an application for the writ of habeas corpus on November 20, 2006, in which he brings fourteen claims.

    The matter was referred to Magistrate Judge Paul J. Komives for a Report and Recommendation. The Magistrate Judge issued an exhaustive 90 page Report and Recommendation on June 24, 2009, in which the Magistrate Judge recommends denying habeas relief on issues # 1-12 and 14, but recommends that petitioner be granted habeas relief with respect to issue #13. The Magistrate recommends the Court grant a conditional

writ of habeas corpus, ordering the State to release the petitioner if it does not provide him a new sentencing proceeding before another judge within 180 days of the Court's order. Both parties filed objections to the report and recommendation. Petitioner objects to the Magistrates denial of issues 1-12 and 14. Respondent objects to grant of habeas corpus with respect to issue 13. For the foregoing reasons, the Court will affirm and adopt the Magistrate Judges' Report and Recommendation in full and will grant petitioner a conditional writ of habeas corpus.

## STANDARD OF REVIEW

A District Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of an R&R that no party has objected to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, Federal Rule of Civil Procedure 72(b)(3) provides that the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." As both parties have filed timely objections, the Court will review de novo both the record and those portions of the Report and Recommendation to which objections have been filed.

## GRANT OF HABEAS RELIEF

Petitioner claimed that he was improperly sentenced based on his failure to admit guilt, in violation of his Fifth Amendment right against self-incrimination. Respondent disagrees, contending that the trial court based its sentence on Petitioner's lack of remorse. Respondent also argues that Petitioner's Constitutional claim was not properly exhausted.

The Magistrate Judge found that Petitioner's claim is properly exhausted. In his brief on appeal, Petitioner does not cite the Constitution of the United States or federal court decisions, but rather presented his claim as a state law issue, relying on *People v. Yennior,* 282 N.W.2d 920 (Mich. 1977). This does not mean that the claim is unexhausted, however, for "there are instances in which 'the ultimate question for disposition' will be the same despite variations in the legal theory or factual allegations urged in its support." *Picard v. Connor*, 404 U.S. 270, 277 (1971) (citation omitted). The Magistrate Judge correctly found that in this case the state claim is functionally identical to the claim arising under federal law. *Compare People v. Yennior,* 282 N.W.2d 920 (Mich. 1977) ("[a] court cannot base its sentence even in part on a defendant's refusal to admit guilt") with *Mitchell v. United States*, 526 U.S. 314, 329-31 (1999) (holding that defendants retain their Fifth Amendment right against self-incrimination during sentencing and that adverse inferences cannot be made based on a defendant's assertion of that right). Petitioner's claim is thus properly exhausted, allowing for a decision on the merits of the claim.

The Michigan Court of Appeals determined that the sentencing judge based her sentence on petitioner's "lack of remorse" and found "no indication in the record that the trial court sentenced defendant in the forbidden context of punishing him because of his failure to admit guilt." *People v. Gover*, 1999 WL 33437846 *11 (Mich. Ct. App. 1999). A state courts determination of facts is binding in a federal habeas proceeding unless they are rebutted by clear and convincing evidence. 28 U.S.C. 2254(e)(1). The record in this case provides such clear and convincing evidence. A review of the transcript shows that the sentencing judge clearly shows the sentencing judge focusing on petitioner's refusal to admit guilt.

> You have a history of following bad advice, ignoring good advice. And I, also, noticed during the trial and it is my impression that observing your demeanor during the trial, the

pretrials beforehand including what you have to say here today, *you are committed, committed to the idea that you have done absolutely no wrong here, including getting in that car, you won't even admit that,* which was a bad decision, not necessarily an illegal one, but it was a bad decision; *but you don't even admit that you got in the car. You don't even admit that you were the person over there on the street where this killing took place with the clothing on that the witnesses described that you had on.* And the police, they gave that description to the police, and immediately the police go around the corner and they find the person wearing those clothes and low [sic] and behold it was you, *but you don't even admit that. You denied every morsel of evidence in this case which lets me know that you have no remorse, none, no remorse.*

Sentence Tr. at 23-24 (emphasis ours).

This Court is also bound by the holding in *Ketchings v. Jackson*, 365 F.3d 509 (6th Cir 2004). *Ketchings* involves a co-defendant charged in the same shooting. *Id.* at 510. The defendant was convicted of second degree murder and petitioned the United States District Court for the Eastern District of Michigan for a writ of habeas corpus, arguing, inter alia, that his sentence was improperly extended due to his refusal to admit guilt. *Id.* Upon review of the record, the court concluded that the sentencing judge had criticized the defendant's failure to admit guilt and that the Michigan Court of Appeals finding to the contrary was an unreasonable application of clearly established Federal Law and an unreasonable determination of the facts in light of the evidence. *Id.* at 514. The district court's grant of habeas corpus was affirmed. *Id.* Because the circumstances of this case are identical to those in *Ketchings*, this Court must also grant petitioner a writ of habeas corpus.

## OBJECTIONS

Both parties have raised objections to the Report and Recommendation. Petitioner objects to the Magistrate's recommendation of denial with respect to claims #1-12 and #14. Petitioner does not object to any factual determinations made by the Magistrate Judge, rather he objects solely to the legal conclusions reached. The Court has conducted a de novo review of the record and petitioner's objections, and finds petitioner's objections to be

4

without merit. The objections simply restate the arguments proffered by petitioner in his motion for summary judgment. The Court concludes that the Magistrate Judge addressed each of these issues in the Report and Recommendation and reached the correct conclusions as a matter of law.

The Respondent objects to the Magistrate Judge's recommendation to grant a conditional writ of habeas corpus with respect to issue #13. Respondent argues that the claim in issue #13 is unexhausted and also without merit. The Court has conducted a denovo review of the record and finds that the assertion that the claim is unexhausted is without merit, for the reasons stated above. As for the merits of the claim, respondent contends that the decision in *Ketchings* is not applicable to this case. Respondent suggests that the case is distinguishable on the basis that *Ketchings* involved a different sentencing judge. This assertion is not persuasive. Even though the judges might have been different, the conduct of both sentencing judges constituted the same violation of clearly established Federal Law. The Court therefore concludes that Respondent's objections are without merit.

## CONCLUSION

The Court accepts the Magistrate Judge's report and recommendation in full. The petitioner is entitled to habeas relief because the Michigan Court of Appeals unreasonably applied clearly established federal law in rejecting petitioner's claim that the trial court increased his sentence based on his refusal to admit guilt in violation of his Fifth Amendment privilege against self-incrimination.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Report and Recommendation [docket entry 15] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the Court **GRANTS** the petitioner a **CONDITIONAL WRIT OF HABEAS CORPUS**.  The State is **ORDERED** to release petitioner within 180 days of the date of this order **UNLESS**, within that time period, the state provides the petitioner a new sentencing hearing before a different sentencing.  In all other respects, the petitioner's application for the writ of habeas corpus is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 16, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 16, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager