UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS GOVER,

       Petitioner,

Case No. 06-cv-15184

HONORABLE STEPHEN J. MURPHY, III

v.

DAVID VASBINDER,

       Respondent.
                                        /

## **ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY**

On August 16, 2010, this Court issued an Order (docket no. 18) Adopting the Report and Recommendation of Magistrate Judge Paul J. Komives (docket no. 15), which granted Dennis Gover a conditional writ of habeas corpus unless the state held a new sentencing hearing within 180 days, while denying his thirteen other claims for habeas relief. Docket No. 18. Gover, a state prisoner in Michigan serving a prison term of 60–100 years on a murder conviction, now seeks a certificate of appealability (COA) from this Court on all thirteen of the claims that were denied in the August 16 Order, in an attempt to secure a new trial. For the reasons stated below, the Court will issue a COA on one of Gover's claims for relief under the Confrontation Clause, and deny the request as to all other claims.

In the typical case, "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" cannot be appealed. 28 U.S.C. § 2253(c)(1)(A). Nevertheless, when "the applicant has made a substantial showing of the denial of a constitutional right," the district judge can issue a COA which gives the petitioner a right to appeal the final order. *Id.* 2253(c)(2). A "substantial showing"

is a "demonstration[] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 Slack *v. McDaniel*, 529 U.S. 473, 484 (2000). After a review of Gover's motion, the August 16, 2010 Order, and Judge Komives' Report and Recommendation, the Court does not believe that reasonable jurists could disagree as to the correct legal conclusion for Claims I–V. VII–XII, and XIV.[1]

As to Claim VI, which addresses purported violations of Gover's rights under the Confrontation Clause, the Court finds that one of the four violations Gover alleges is worthy of certification. At Gover's murder trial, the prosecution placed Anthony Johnson, one of the arresting officers, on the stand. After being called out to a neighborhood where shots had been fired, Officer Johnson found a car driven by two women, Wanda Ratliff and Sharon Hunter. He arrested both of them in connection with the shootings Gover was later accused of committing. Docket No. 15, at 38. While sitting in the squad car after arrest, Ratliff told Officer Johnson that two black men, including one who the jury eventually concluded was Gover, were riding in the backseat of the car and firing shots out of the windows. *Id.* Officer Johnson repeated these statements on the witness stand. The Michigan Court of Appeals concluded that the statement was admissible under the Confrontation Clause because, as a statement against Ratliff's penal interest, it "bore sufficient indicia of reliability." *People v. Gover*, No. 203768, 1999 WL 33437846, at *9 (Mich. Ct. App. Aug. 17, 1999).

---

[1] If Gover disagrees with the Court's assessment of the appealability of these issues, he may also apply to a judge on the Sixth Circuit for a COA. *See* 28 U.S.C. § 2253(c)(1)(A).

Judge Komives found, and this Court agreed, that the introduction of the statement by Johnson constituted a Sixth Amendment violation under current law as required by 28 U.S.C. § 2254(a) because it was testimonial hearsay under *Crawford v. Washington*, 541 U.S. 36 (2004) and *Davis v. Washington*, 547 U.S. 813 (2006). It also found that the Michigan Court of Appeals incorrectly applied clearly established federal law at the time the events in this case because the "statement against interest" exception was not a "firmly rooted" hearsay exception under *Ohio v. Roberts*, 448 U.S. 56 (1980). *See Lilly v. Virginia*, 527 U.S. 116, 134 (1999); *Lee v. Illinois*, 476 U.S. 530, 544 n.5 (1986). Nevertheless, the Court agreed with Judge Komives that the error committed by the Michigan courts was harmless in light of the significant amount of evidence presented during Gover's trial, and concluded that habeas relief was not warranted. Docket No. 15, at 39–40.

The Court agrees with Gover that reasonable jurists could disagree as to whether or not Officer Johnson's testimony was a substantial violation of Gover's rights under the Confrontation Clause warranting the grant of a new trial. It will issue a COA so Gover can challenge the Court's conclusion on this very limited issue.

**WHEREFORE**, it is hereby **ORDERED** that the Court will **GRANT** a certificate of appealability on Claim VI of Gover's petition for relief, but only on the issue of Officer Johnson's testimony regarding Ratliff's statement to him while she was in custody. **FURTHERMORE**, the Court will **DECLINE** to issue a certificate of appealability on all other issues raised by Gover.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 20, 2010

3

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 20, 2010, by electronic and/or ordinary mail.

                                        <u>Alissa Greer</u>
                                        Case Manager